Case 3:14-cv-00338-MJR-DGW   Document 2   Filed 03/17/14   Page 1 of 11   Page ID #3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| ANTHONY R. MISKEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:14-cv-00338-MJR-DGW |
| v. ) | |
| ) | |
| BEELMAN RIVER TERMINALS, INC. ) | |
| SCF LEWIS & CLARK MARINE, INC., ) | |
| and M/V ELIZABETH BROWN, ) | |
| Defendants. ) | |

**VERIFIED COMPLAINT IN ADMIRALTY**

This cause is filed pursuant to Rule 9(h), Fed.R.Civ.P., as an admiralty cause for non-jury disposition.

NOW COMES plaintiff, Anthony R. Miskel, by his undersigned counsel and complains of defendants, Beelman River Terminals, Inc., SCF Lewis & Clark Marine, Inc., and the M/V Elizabeth Brown as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. This cause is brought pursuant to 46 U.S.C. Section 30104, (commonly called the Jones Act) and the general Maritime Law of the United States, (including the doctrines of negligence, unseaworthiness and maintenance and cure) and this Honorable Court therefore has subject matter jurisdiction of this cause.

2. The corporate defendants' principal place of business is at or near Granite City, Illinois, within this judicial district and, therefore, this Court has personal jurisdiction over the defendants.

Anthony R. Miskel v. Beelman River Terminal & SCF Lewis & Clark Marine, Inc.       Page 1 of 10

3.      The corporate defendants reside in this district within the meaning of 46 U.S.C. Section 30104, a substantial part of the events giving rise to this suite occurred in this district within the meaning of 46 U.S.C. Section 30104 and the M/V Elizabeth Brown is in this district or will be in this district while the action is pending. Venue is therefore properly laid in this district pursuant to 46 U.S.C. Section 30104 and Rule C(2)(c), Supplemental Rules for Admiralty Or Maritime Claims.

4.      On September 28, 2012, plaintiff, Anthony R. Miskel, was employed by defendant, SCF Lewis & Clark Marine, Inc. (hereinafter "Lewis & Clark") as a deckhand and member of the crew of the M/V Elizabeth Brown which was at all times mentioned in this Complaint a vessel within the meaning of 1 U.S.C. §3, in that it was a watercraft originally constructed and remaining capable of transporting persons or goods across water.  Plaintiff is therefore a seaman within the meaning of the Jones Act, 46 U.S.C. §30104 and brings this suit under that federal statute.  Plaintiff's job duties as a crew member of the M/V Elizabeth Brown were in furtherance of the operations of defendant Beelman River Terminals, Inc. (hereinafter "Beelman")  and plaintiff was therefor a business invitee of defendant Beelman.

5.      On September 28, 2012, the M/V Elizabeth Brown was on the Mississippi River near Venice, Illinois at a dock that was owned, operated, or controlled by defendant Beelman.

This is a Google Earth image of the dock with two barges:



Google Earth "2012 historical image" last visited February 19, 2014 at 3:21 p.m.

The dock was used by Beelman to offload barges. Loaded barges were brought by harbor tugs and tied off at the dock by the harbor tug crews. Defendant Lewis & Clark operated harbor tugs, including the M/V Elizabeth Brown, that brought loaded barges to and removed empty barges from the Beelman facility. After the harbor tug tied off a loaded barge at the Beelman dock, Beelman would attach lines to the deck fittings of the loaded barge. The lines were attached by shackles to a long cable that runs the entire length of the dock. The shackles can slide along the cable which allows Beelman to move the barge downstream while maintaining control of the barge without utilizing a boat. Beelman offloaded barges by using a bucket E-crane to empty the barges. As the crane emptied the areas of the barge that it was able to reach, Beelman would

slide the barge downstream to permit the crane to reach more of the barge, repeating the process until the barge was empty. After a barge had been offloaded, Beelman used the cable system to move the empty barge to the downriver end of the dock where it would be removed by a harbor tug.

6. On September 28, 2012, the M/V Elizabeth Brown had dropped a loaded barge off at the upriver end of the Beelman dock and Beelman had secured the loaded barge with the lines running to the shackles on the cable. The M/V Elizabeth Brown prepared to remove the empty downstream barge from the facility by moving downriver and securing the empty barge ("faced up" to) by large wire cables running from the head of the M/V Elizabeth Brown to deck fittings on the downstream end of the empty barge. Plaintiff Anthony Miskel was at the upriver end of the empty barge removing from the deck fitting of the barge one of the lines running from the cable and shackle..

7. At this time, defendant Beelman's crane moved the loaded barge which caused the cable to strike the plaintiff in the head and face with great force and thereby cause him serious injury.

## COUNT I
(Negligence - Beelman River Terminal)

8. At that time and place, the general maritime law of the United States and the common law of the State of Illinois imposed upon defendant Beelman the legal duties to use ordinary care to avoid injuring the plaintiff, to warn the plaintiff of hazards known to or created by the defendant in time to avoid injuring the plaintiff, to train its employees adequately and

properly in order to avoid injuring invitees such as the plaintiff, and to inspect and maintain its equipment and premises in order to avoid injuring invitees such as the plaintiff.

9.  At said time and place, defendant Beelman River Terminals, Inc. and its employees, were the agents or employees of defendant SCF Lewis & Clark Marine, Inc. within the meaning of 46 U.S.C. Section 30104.

10. At said time and place, acting through its agents, servants and/or employees, defendant Beelman breached its aforesaid legal duties and was negligent in one or more of the following respects:

   a. failed to warn the plaintiff that the crane was about to move the cable;

   b. failed to communicate to plaintiff's direct supervisor, the pilot of the MV Elizabeth Brown, information concerning the anticipated movements of the crane in time to avoid injuring the plaintiff;

   c. failed to observe the plaintiff on the head of the barge prior to moving the cable with the crane;

   d. failed to inspect the crane for defects, hazards, and dangers;

   e. failed to provide its own employees with sufficient training to enable them to properly inspect, maintain and operate the crane safely.

11. As a direct and proximate cause of one or more of defendant's aforesaid negligent acts or omissions, plaintiff sustained an injury and trauma to his head and neurological system, resulting in lost earnings, loss of earning capacity, disability, pain and suffering and medical, hospital, nursing, therapy, and other expenses in the past and reasonably certain to be sustained in the future.

WHEREFORE plaintiff prays for judgment against defendant, Beelman River Terminal, in an amount of actual damages which is fair and reasonable plus costs of suit, prejudgment interest and for such other and further relief as justice may require.

## COUNT II
(Jones Act Negligence - Lewis & Clark Marine)

12. At said time and place, the Jones Act imposed upon defendant, SCF Lewis & Clark Marine, Inc., (hereinafter "Lewis & Clark") the legal duties to:

   a. provide plaintiff with a reasonably safe place to work including but not limited to inspecting operations conducted by and property belonging to others before exposing plaintiff to the hazards posed by such operations and property;

   b. provide plaintiff with adequate training and assistance to perform his assigned job duties safely;

   c. timely warn plaintiff of any dangers in the work place that defendant Lewis & Clark knew of or in the exercise of ordinary care should have known of;

   d. provide the plaintiff with reasonably safe tools, equipment and methods of work;

   e. provide plaintiff with sufficient, competent and adequate assistance and supervision so that plaintiff could perform his duties safely.

13. At said time and place, defendant Beelman and its employees, were the agents or employees of defendant Lewis & Clark within the meaning of 46 U.S.C. Section 30104, such that the acts and omissions of defendant Beelman and its employees, as set forth in Count I, are legally imputable to defendant Lewis & Clark.

14. At said time and place, defendant Lewis & Clark breached its aforesaid legal duties and was negligent in one or more of the following respects:

      a.    failed to inspect the crane to make sure that it was safe for defendant's employees to work near;

      b.    failed to provide effective and adequate means of communication in order to convey proper warnings to the plaintiff in timely fashion;

      c.    failed to provide plaintiff with a adequate assistance, supervision and safe methods of work;

      d.    failed to provide plaintiff with sufficient training to enable him to perform his job duties safely;

      e.    failed to observe the plaintiff on the head of the barge prior to moving the cable with the crane.

.

15.    As a cause, in whole or in part, of one or more of defendant Lewis & Clark's aforesaid negligent acts or omissions, plaintiff sustained an injury and trauma to his head and neurological system, resulting in lost earnings, loss of earning capacity, disability, pain and suffering and medical, hospital, nursing, therapy, and other expenses in the past and reasonably certain to be sustained in the future.

WHEREFORE plaintiff prays for judgment against defendant, SCF Lewis & Clark Marine, Inc. in an amount of actual damages which is fair and reasonable plus costs of suit, prejudgment interest and for such other and further relief as justice may require.

## COUNT III
(Unseaworthiness)

16.    At said time and place, the General Maritime Law of the United States held defendant Lewis & Clark as the owner or owner *pro hac vice* of the M/V Elizabeth Brown to warrant the seaworthiness of the M/V Elizabeth Brown, its crew, equipment and appurtenances.

17. At said time and place, the defendant Lewis & Clark breached its warranty of seaworthiness in that the M/V Elizabeth Brown had an inadequate and improperly trained crew and inadequate and insufficient means of communication.

18. As a direct and proximate result of one or more of the aforesaid unseaworthy conditions, plaintiff sustained an injury and trauma to his head and neurological system, resulting in lost earnings, loss of earning capacity, disability, pain and suffering and medical, hospital, nursing, therapy, and other expenses in the past and reasonably certain to be sustained in the future.

WHEREFORE plaintiff prays for judgment against defendant, SCF Lewis & Clark Marine, Inc. in an amount of actual damages which is fair and reasonable plus costs of suit, prejudgment interest and for such other and further relief as justice may require.

## COUNT IV
(Maintenance and Cure)

19. The injuries described in Counts I-III were sustained while plaintiff was in the service of the M/V Elizabeth Brown.

20. The plaintiff has incurred extensive medical expense for treatment and other services.

21. Plaintiff has not yet reached a point of maximum cure and further medical and prosthetic expenses will be incurred in the future.

22. The defendant has failed to meet its duty under General Maritime Law to provide its employee, the plaintiff, with full and adequate maintenance and cure for said injuries.

23. Defendant's failure is in contravention of plaintiff's established maritime rights.

WHEREFORE, plaintiff, Anthony R. Miskel, by his undersigned attorneys, respectfully prays that this Honorable Court enter judgment in his favor and against defendant, SCF Lewis & Clark Marine, Inc., in an amount of not less than $45.00 per day as and for reasonable maintenance, and to pay the reasonable cost of medical expenses incurred to date and reasonably certain to be incurred for the diagnosis and treatment of his injuries, together with legal interest thereon, and for all costs of these proceedings, attorney fees and all general and equitable relief as the court deems just and proper.

## COUNT V
(Negligence And Unseaworthiness - M/V Elizabeth Brown)

24. At said time and place, the M/V Elizabeth Brown was negligent or unseaworthy in that it participated in the loading operation with an insufficient crew, insufficient or inadequate means of communication, and failed to communicate properly with its crew members including plaintiff.

25. As a direct and proximate result of one or more of the aforesaid negligent acts or omissions or unseaworthy conditions, plaintiff sustained an injury and trauma to his head and neurological system, resulting in lost earnings, loss of earning capacity, disability, pain and suffering and medical, hospital, nursing, therapy, and other expenses in the past and reasonably certain to be sustained in the future.

WHEREFORE plaintiff prays that this Court issue an arrest warrant for the M/V Elizabeth Brown pending resolution of this suit or a stipulation of the parties regarding that vessel, for judgment against defendant, the M/V Elizabeth Brown. in an amount of actual damages which is fair and reasonable plus costs of suit, prejudgment interest, for imposition of a maritime lien against the vessel and for such other and further relief as justice may require including but not limited to judicial sale of the vessel to satisfy the judgment.

Respectfully submitted,

ARMBRUSTER, DRIPPS,
WINTERSCHEIDT & BLOTEVOGEL, LLC


By:  /s/ Roy C. Dripps
          Roy C. Dripps #6182013
          219 Piasa Street
          Alton, Illinois  62002
          618/208-0320
          F:  800/927-1529
          royd@adwblaw.com
          ***ATTORNEYS FOR PLAINTIFF***

STATE OF __Illinois__ )
 ) SS
COUNTY OF __Jersey__ )

## AFFIDAVIT

I, ANTHONY R. MISKEL, the Affiant, being first duly sworn and under oath, according to law, deposes and says that he has read the attached COMPLAINT IN ADMIRALTY, is familiar with the facts contained therein to the extent they refer to matters within his personal knowledge and that they are true and correct to the best of his knowledge and belief.

_____
ANTHONY R. MISKEL

Subscribed and sworn to before me this __14th__ day of __March__, 2014.

_____
NOTARY PUBLIC

OFFICIAL SEAL
STEFANIE L BAKER
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 12-02-2017