IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTHONY R. MISKEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:14-cv-338-SMY-DGW |
| | ) | |
| BEELMAN RIVER TERMINALS, INC., SCF LEWIS & CLARK MARINE, INC., and M/V ELIZABETH BROWN, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion for More Definite Statement filed by Defendant Beelman River Terminals, Inc., on May 27, 2014 (Doc. 15). The Motion is **DENIED**.

**BACKGROUND**

This admiralty cause of action was filed on March 17, 2014 by Anthony R. Miskel against Beelman River Terminals, Inc. ("Beelman"), SCF Lewis & Clark Marine, Inc. ("SCF L&C"), and the M/V Elizabeth Brown (Doc. 2). Plaintiff, who was employed by SCF L&C as a deckhand, was injured on September 28, 2012 while trying to attach a barge to a tugboat (the M/V Elizabeth Brown)[1] while the barge was secured to a dock owned and operated by Defendant Beelman. Plaintiff asserts that an employee of Beelman unexpectedly and negligently moved a crane on the dock which caused a cable to strike the plaintiff on the head, causing significant injury. Plaintiff has alleged a negligence count against Beelman; a Jones Act claim, an unseaworthiness claim, and a maintenance and cure claim against SCF L&C; and, a negligence and unseaworthiness claim

---

[1] SCF L&C's cross-claim alleges that the tugboat in question is the M/V Katie Maurine (Doc. 14, p. 4).

against the M/V Elizabeth Brown (Doc. 2).

On May 16, 2014, Beelman filed a cross-claim against SCF L&C (Doc. 13).  Beelman seeks indemnification and defense costs from SCF L&C based on a theory that Plaintiff's damages were caused wholly by the negligent acts of SCF L&C.  SCF L&C also filed a cross-claim against Beelman, seeking defense and indemnification, for all or a proportionate amount of Plaintiff's injuries, based on a similar theory that Plaintiff's damages were caused by Beelman's negligent acts.

Beelman now seeks a more definite statement of SCF L&C defense, contribution, and indemnity claims.  Beelman argues that there is no allegation as to its duty to SCF L&C or that any contractual relationship exists.  In response, SCF L&C argues that the pleadings provide sufficient information to allege negligence on Beelman's part and that it provided an explanation of its contribution and indemnity claim under maritime law.

## DISCUSSION

Federal Rule of Civil Procedure 12(e) provides that a party may move for a more definite statement when a pleading is "so vague and ambiguous that the party cannot reasonably prepare a response."  SCF L&C's pleading does not appear to be vague or ambiguous.  SCF L&C claims that a Beelman employee caused Plaintiff's injuries by "activat[ing] dock equipment," that pursuant to law, SCF L&C paid his medical expenses and maintenance expenses, that it is entitled to "reimbursement" from Beelman because Plaintiff's injuries were due to the negligence of Beelman, and that Beelman must indemnify SCF L&C for its costs related to Plaintiff's suit. These claims are practically identical to the cross-claim made by Beelman against SCF L&C. The claim appears sufficiently detailed for Beelman to fashion a responsive pleading.  To the extent that Beelman challenges the *legal* sufficiency of the claim (i.e. that it owes no duty) such a

claim should be the subject of a motion to dismiss or for summary judgment.

## CONCLUSION

For the foregoing reasons, the Motion for More Definite Statement filed by Defendant Beelman River Terminals, Inc., on May 27, 2014 (Doc. 15) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: November 18, 2014**

                                                    **DONALD G. WILKERSON**
                                                    **United States Magistrate Judge**