IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY R. MISKEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:14-cv-338-SMY-DGW |
| ) | |
| BEELMAN RIVER TERMINALS, INC., SCF) | |
| LEWIS & CLARK FLEETING, LLC, and) | |
| M/V KATIE MAURINE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

This matter is before the Court on the Motion to Approve Settlement and Good Faith Finding filed by Plaintiff, Anthony R. Miskel, on February 17, 2016 (Doc. 77) and the Motion to File a Sur-Reply Brief filed by Defendant, SCF Lewis &Clark Fleeting, LLC, on March 16, 2016 (Doc. 90). For the reasons set forth below, the Motion to Approve Settlement and Good Faith Finding is **DENIED WITHOUT PREJUDICE** and the Motion to File Sur-Reply is **DENIED**.

Plaintiff's Amended Complaint alleges that he was injured on September 26, 2012 when a cable struck him in the face and head. At the time, Plaintiff was employed by SCF Lewis & Clark Fleeting, LLC ("SCF") as a deckhand and was a member of the crew of the M/V Katie Maurine (a tugboat). Beelman River Terminals, Inc., ("BRT") owned the dock off which the M/V Katie Maurine was operating. Plaintiff asserts claims against Defendants pursuant to the Jones Act, 46 U.S.C. § 30104, and general maritime law.

In the present Motion, Plaintiff states that he has settled with BRT for the sum of $35,000 and seeks Court approval of that settlement for three reasons: First, because the Court is obligated

to take special care that the interests of Plaintiff are represented pursuant to general maritime law; second, that Defendant SCF is seeking disqualification of Plaintiff's counsel (*See* Doc. 70); and, third, that Illinois' Contribution Among Joint Tortfeasors Act, 740 ILL.COMP.STAT. § 100/2, requires a finding that the settlement is made in good faith.  In making his request, Plaintiff sets forth the evidence that would be presented at trial and contested areas of damages.  Defendant SCF does not object to Plaintiff's ability to settle with BRT; rather, it argues that the Court need not make any good faith finding as to any settlement because Illinois law does not apply and because there is a dispute as to the apportionment of damages.

In *Garrett v. Moore-McCormack Co., Inc.*, 317 U.S. 239 (1942), the Supreme Court stated that releases signed by seamen are subject to "careful scrutiny" and that "the burden is upon one who sets up a seaman's release to show that it was executed freely, without deception or coercion, and that it was made by the seaman with full understanding of his rights."  *Id.* at 248.  Such scrutiny, however, does not come into play unless and until there is a dispute as to the validity of a settlement agreement.  That is, Plaintiff has presented no case authority that would suggest that the Court must *affirmatively* state that the agreement is proper prior to there being a dispute about the agreement.  *See Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 606 (5th Cir. 1986) ("The trial court must hold a hearing on the *disputed* issues of the validity and scope of the agreement" (emphasis added)); *See e.g. Shoemaker v. Estis Well Service, L.L.C.*, 122 F.Supp.3d 493 (E.D. La. 2015) (considering the validity of a release post-judgment and in conjunction with a Rule 60(b) motion); *Rabenstein v. Sealift, Inc.*, 18 F.Supp.3d 343 (E.D.N.Y. 2014) (considering a release in conjunction with a motion for summary judgment); *Sliva v. F/V Silver Fox LLC*, 988 F.Supp.2d 94 (D. Mass. 2013 (same);  *Collett v Louisville & N.R. Co.*, 81 F.Supp.428 (E.D. Ill. 1948) (where a release was used to defend against a seaman's action).  Plaintiff himself

acknowledges that he is seeking a "conditional ruling" on the validity of the settlement agreement and that the Court can fashion an Order that would leave open various questions regarding applicable law and appropriate damages (*See* Doc. 92, p. 1; Doc. 88, p. 3). Plaintiff has provided not statute or legal basis for the Court to issue such an opinion.

Accordingly, the Court finds that this motion is premature. Plaintiff is free to settle with whomsoever he chooses under conditions of his choosing. No rule of law requires Court approval of such a settlement at this stage of these proceedings. If there is a challenge to the validity of the settlement agreement, the parties may argue that issue with an appropriate motion and response. If there are questions as to what law applies to damages, such issues should be brought to the attention of the District Court prior to the assessment of damages, if any. If the parties seeks dismissal of claims, those should be (and have been) raised in a motion to dismiss (Doc. 78). To the extent that Plaintiff is concerned about settlement in light of the Motion to Disqualify, such issues can be raised once the motion has been ruled upon.

Finally, Defendant seeks leave to file a sur-reply. Local Rule 7.1 provides that under no circumstances will sur-reply briefs be accepted. SCF has provided no reason that would justify deviation from the Local Rule.

For the foregoing reasons, the Motion to Approve Settlement and Good Faith Finding filed by Plaintiff on February 17, 2016 (Doc. 77) is **DENIED WITHOUT PREJUDICE** and the Motion to File a Sur-Reply Brief filed by SCF on March 16, 2016 is **DENIED**.

**IT IS SO ORDERED.**

**DATED: April 22, 2016**

                **DONALD G. WILKERSON**
                **United States Magistrate Judge**