IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANTHONY R. MISKEL,                              )
                                                )
      Plaintiff,                            )
                                                )
    v.                                        )      Case No. 3:14-cv-338-SMY-DGW
                                                )
SCF LEWIS & CLARK MARINE, INC., SCF)
LEWIS AND CLARK FLEETING LLC, and)
M/V KATIE MAURINE,                          )
                                                )
      Defendants.                           )

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the Motion for Extension of Time filed by Plaintiff, Anthony R. Miskel, on February 8, 2016 (Doc. 72), the Motion to Compel filed by Plaintiff on February 19, 2016 (Doc. 79), and the Motion to Supplement filed by Defendants on April 19, 2016 (Doc. 96).   The Motion for Extension of Time is **MOOT**, the Motion to Compel is **DENIED** and the Motion to Supplement is **GRANTED**.

Defendants seek to exclude Plaintiff's attorneys from representing him in this matter due to a conflict of interest.   Defendants represent that a former attorney of record, Courtney C. Stirrat, who is employed by the firm representing Plaintiff, Armbruster, Dripps, Winterscheidt, & Blotevogel, LLC, was a former attorney of Lewis & Clark Marine, Inc ("L & C").   From 2009 to 2012, Ms. Stirrat represented L & C when she was employed by the firm Tonkin & Mondle, L.C. and represented L & C in five suits similar to the one at bar, namely Jones Act Cases, and, on at least one occasion, for events on the same ship, the M/V Katie Maurine.   On December 30, 2011 Defendant SCF Lewis & Clark ("SCF") purchased L & C's assets and continued to operate its harbor and fleeting services in substantially the same location and manner.   Thus, SCF claims that

any attorney-client privilege that was held by L & C vis-à-vis Ms. Stirrat is imputed to it and can be enforced by it.   SCF seeks not only the withdrawal of Ms. Stirrat (she withdrew on January 26, 2016) but also of the Armbruster law firm.

In response, Plaintiff seeks to conduct discovery on two matters.   In order to show that Defendants timed its motion to disqualify in order to gain a tactical advantage, Plaintiff seeks Defendants' counsels' billing records and communications between them and Tonkin & Mondl, P.C.   And, in order to show that Defendants waived any conflict, Plaintiff seeks documentation in an unrelated matter in which Ms. Stirrat represented U.S. Fire Insurance Company adversely to Defendant in 2013.   The remainder of Plaintiff's brief appears to be a response to the motion to disqualify itself.

Discovery of communications between Defendant's attorneys and third parties to this litigation are not a valuable use of resources and would create tangential litigation on matters that are wholly unrelated to actual claims and defenses in this matter.   The only question before the Court is whether Plaintiff's attorneys violated ethical rules when they elected to represent Plaintiff in a matter adverse to Defendant.   A secondary question is whether all of the attorneys from the firm Armbruster, Dripps, et al., should be excluded from this suit.   That Defendant's attorneys may have been gaming the system to achieve a tactical advantage is unfortunate but not relevant to those questions.   The privilege lies with the client, SCF Lewis & Clark Marine, Inc., and exploration of any tangential motivations of counsel is unnecessary.   Such a process would delay these matters, unnecessarily multiply the cost of this litigation, and otherwise be a waste of resources.   If Plaintiff believes that Defendant has waived the privilege, he may certainly argue as much in his brief in response.   To that end, Plaintiff shall file a response to the Motion to Disqualify (Doc. 70), and any supplement, by **June 13, 2016.**

Defendant is **GRANTED** leave to submit a supplemental brief as outlined in its Motion

(Doc. 96).   Such a brief shall be limited to 5 pages and shall be filed no later than **May 31, 2016.**

In light of these conclusions, Plaintiff's Motion for Extension of Time is **MOOT** (Doc. 72).

**IT IS SO ORDERED.**

**DATED: May 23, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**