IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTHONY R. MISKEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-CV-338-SMY-DGW |
| | ) |
| SCF LEWIS & CLARK FLEETING, LLC | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Plaintiff Anthony Miskel filed this lawsuit alleging he sustained injuries after a cable struck him in the face and head (*see* Doc. 34). At the time, Plaintiff was employed by SCF Lewis & Clark Fleeting, LLC ("SCF") as a deckhand and was a member of the crew of the M/V Katie Maurine. Beelman River Terminals, Inc. ("Beelman"), owned the dock off which the M/V Katie Maurine was operating at the time Plaintiff was injured.

In Count I of the Amended Complaint, Plaintiff alleged Beelman was negligent under federal maritime law. In Count II, Plaintiff stated negligence claims against SCF pursuant to the Jones Act, 46 U.S.C. § 30104. In Counts III through V, Plaintiff alleged various claims against SCF and the M/V Katie Maurine under general federal maritime law. Beelman filed a cross-claim for contribution against SCF (Doc. 13). SCF filed a cross-claim against Beelman asserting claims for indemnity, contribution, and reimbursement for maintenance and cure expenses SCF incurred during Plaintiff's treatment (Doc. 36).

On February 17, 2016, Plaintiff notified the Court that he had settled with Beelman and moved for Court approval of the settlement. Plaintiff also requested that the Court make a good faith settlement finding pursuant to the Illinois' Contribution Among Joint Tortfeasors Act, 740

1

ILCS § 100/2 (Doc. 77). On that same date, Plaintiff filed a motion to dismiss his claim against Beelman (Count I) and Beelman's cross-claim against SCF, both with prejudice (Doc. 78).

On April 22, 2016, Magistrate Judge Wilkerson denied Plaintiff's motion to approve the settlement finding that there was no legal basis for the issuance of a conditional ruling approving settlement in this case absent a challenge to the validity of the settlement. Additionally, Judge Wilkerson declined to address Plaintiff's request for a good faith finding, leaving that determination and the determination as to what law applies to the assessment and apportionment of damages to the undersigned (Doc. 99). On April 28, 2016, Beelman was dismissed with prejudice in its capacity as a defendant, but not in its capacity as a cross-defendant (Doc. 103).

Now pending before the Court is Plaintiff's Renewed Motion to Approve Settlement and to Dismiss Defendant Beelman (Doc. 130). Plaintiff asserts that, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, "the matter of dismissing Beelman entirely from the case is now ripe for decision". Specifically, Plaintiff argues that the Court should exercise its authority under Rule 16(e) and dismiss Beelman as a cross-defendant because SCF has no evidence to support its allegations that Beelman owed or breached a duty to Plaintiff or SCF.

Plaintiff is correct that under Rule 16(e), a final pretrial order serves to narrow the scope of trial, prevent surprise and control "the subsequent course of the action," *see Gorby v. Schneider Tank Lines, Inc.,* 741 F.2d 1015, 1022 (7th Cir. 1984) and that "evidence or theories not raised in the pretrial order are properly excluded at trial." *Petit v. City of Chicago*, 239 F.Supp.2d 761, 771 (N.D.Ill. 2002). However, SCF's theory of liability could not come as a surprise to Plaintiff. It was initially disclosed by SCF's expert William Beacom almost a year ago and has been raised in various motions and explored in discovery. As such, Rule 16(e) provides no basis for the dismissal of SCF's cross-claim against Beelman.

Additionally, Plaintiff's arguments that SCF has no evidence to support its cross-claim and that Beelman had no legal duty to provide safe mooring are dispositive in nature and should have been raised in a timely motion for summary judgment. As no dispositive motion raising these issues was filed, these arguments are waived as untimely.

Plaintiff next argues that state law applies to SCF's cross-claim and that under the Illinois' Contribution Among Joint Tortfeasors Act, 740 ILCS § 100/2, the Court should make a finding that the Beelman settlement was made in good faith. Such a finding would extinguish SCF's cross-claim against Beelman and result in its dismissal. SCF counters that the Court need not, and should not, make a good faith finding as to the Beelman settlement because maritime law, rather than Illinois law applies.

Here, Plaintiff alleges he was injured aboard the M/V Katie Maurine while it was at Beelman's dock to pick up one of two barges that Beelman personnel had moored to the dock (Doc. 34, ¶ 6). Specifically, Plaintiff alleges that as he tried to turn loose an empty barge, moored immediately below a loaded barge at the dock, Beelman caused the loaded barge to move, which in turn caused a cable at the dock to strike him (*Id.* at ¶ 7).

Under 28 U.S.C. § 1333(1), district courts have original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction...." Moreover, the Admiralty Extension Act, 46 U.S.C. App. § 740, provides that admiralty jurisdiction "shall extend to and includes all cases of damage or injury, to person or property, caused by a vessel on navigable waters, notwithstanding that such damage or injury be done or consummated on land." Further, maritime law was invoked from the outset as to all of the claims and defenses in this lawsuit. Plaintiff designated his claims against SCF and Beelman as admiralty claims within the meaning of Rule 9(h) (*see* Doc. 34). Additionally, SCF's cross-claims against Beelman for reimbursement of maintenance and cure

3

expenses, indemnity, and contribution were also alleged pursuant to Rule 9(h). As such, the Court finds that federal maritime law applies to the claims and defenses between the parties.

When, as here, maritime law applies, state law is preempted if it defeats existing maritime rights or enlarges existing maritime liabilities. *See Great Lakes Dredge & Dock Co. v. City of Chicago,* No. 92 C 6754, 1996 WL 210081, at *1 (N.D. Ill. 1996) (citing *Kossick v. United Fruit Co.,* 365 U.S. 731, 741-42, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961)); *see also, Bagrowski v. American Export Isbrandtsen Lines, Inc.,* 440 F.2d 502, 506 (7th Cir. 1971) ("federal power is dominant in the maritime field and states may not deprive a party of a federally created maritime right.").

Under maritime law, damages are generally allocated among the parties proportionately to the comparative degree of fault. *McDermott, Inc. v. AmClyde,* 511 U.S. 202, 114 S.Ct. 1461, 128 L.Ed.2d 148 (1994); Rufolo v. Midwest Marine Contractor, Inc., 1995 WL 12227, at *1 (N.D. Ill. 1995) (applying *McDermott* following a vacated judgment from the United State Supreme Court). In *McDermott,* the Supreme Court adopted a "proportionate fault" method, under which a nonsettling defendant is responsible only for a share of Plaintiff's damages equal to his proportionate share of fault for the injury. *Id.* Conversely, Illinois law has adopted a *pro tanto* rule under which the nonsettling defendant receives a dollar for dollar credit against the judgment for the amount of the settlement. *See* 740 ILCS 100(c).

Plaintiff relies on a number of inapposite FELA cases for his contention that state law applies. However, FELA has no application with respect to the issues of damages, settlement or contribution in this case. Thus, Illinois law is preempted and the Illinois Contribution Among Tortfeasors Act does not apply.

Finally, the *McDermott* proportionality rule bars contribution actions by nonsettling tortfeasors against a settling tortfeasor. Thus, dismissal of SCF's crossclaim with respect to

contribution and indemnity is required. However, SCF's cross-claim for reimbursement of maintenance and cure survives and is not extinguished by a settlement. *See Great Lakes Dredge and Dock Co. v. Tanker Robert Watt Miller*, 92 F.3d 1102 (11th Cir. 1996). Accordingly, at trial, the Court will apportion liability, if any, as between Plaintiff, SCF, and Beelman pursuant to *McDermott*. SCF will be obligated to pay only such percentage of Plaintiff's damages that is proportionate to the degree of fault, if any, attributed to SCF.

For the foregoing reasons, Plaintiff's motion is **DENIED** in its entirety.

**IT IS SO ORDERED.**

**DATED:  October 25, 2016**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**